IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD CALDWELL,

      **Plaintiff,**

vs.                                             No. CIV 02-0756 RB/ACT

**THE STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS,
CORRECTIONAL MEDICAL SERVICES, INC.
JOHN DOE 1 and JOHN DOE 2,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Correctional Medical Services' (hereinafter "CMS") Motion for Summary Judgment on the Basis of Failure to Exhaust Administrative Remedies (Doc. 32), filed on May 14, 2003, and Plaintiff's Motion to File Surreply (Doc. 38), filed on August 1, 2003. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motions are well-taken and should be granted.

**I.**       **Background.**

On June 27, 2002, Caldwell filed his Complaint alleging an Eighth Amendment denial of medical care claim under 42 U.S.C.§ 1983 and medical negligence. On March 18, 2003, the claims against the State of New Mexico were dismissed without prejudice pursuant to a stipulated order. Caldwell seeks compensatory damages, punitive damages, as well as attorney fees and costs under §1988.

**II.**       **Facts**

In the early morning hours of July 20, 2001, while incarcerated at Southern New Mexico Correctional Facility, Caldwell experienced pain on the right side of his waist. (Compl. ¶ 10.) Caldwell reported the pain to John Doe 1 correctional officer. (Compl. ¶ 11.) Caldwell had problems eating and continuing pain throughout the day, which he reported to John Does 2, 3 and 4 of the corrections staff. (Compl. ¶¶ 12-15.) When medication was disbursed in the early evening, Caldwell informed John Does 1 and 2, or the CMS agent who brought the medication, that he had pain in his lower stomach and waist area. (Compl. ¶ 16.)

Caldwell was taken to the CMS infirmary during dinner. (Compl. ¶ 18.) Caldwell reported his pain and inability to eat to the nurse on duty. (Compl. ¶ 19.) The nurse examined Caldwell, felt a hard area in his stomach, gave Caldwell some antacid tablets and sent him back to his cell. (Compl. ¶ 20-21.) Caldwell was unable to sleep due to the pain. (Compl. ¶ 23.)

On Saturday July 21, 2001, Caldwell informed John Does 1 and 2 of his continuing pain and inability to eat. (Compl. ¶¶ 24-26.) Caldwell was vomiting in his cell and informed John Does 1 and 2 of his worsening condition. (Compl. ¶¶ 27-28.) Caldwell was taken to the infirmary two times on July 21, 2003. (Compl. ¶ 29.)  During each visit the nurse would touch Caldwell's lower right stomach and elicit loud outbursts from pain. (Compl. ¶ 30.) The CMS nurse gave Caldwell Motrin. (Compl. ¶ 32.) Caldwell's pain, inability to eat or sleep and vomiting continued. (Compl. ¶¶ 33-35.) Caldwell continued to inform John Does 1 and 2 of his problems. (Compl. ¶ 36.)

On Sunday, July 22, 2001, Caldwell spent the day in his cell. (Compl. ¶ 37.) Caldwell's pain, inability to eat and vomiting continued. (Compl. ¶¶ 38-39.) He continued to complain to John Does 1 and 2, but they failed to take him to the infirmary. (Compl. ¶¶ 40-41.) On Monday, July 23, 2001, Caldwell continued to complain. (Compl. ¶¶ 42-43.) Caldwell was taken to the infirmary, examined

by the nurse and returned to his cell. (Compl. ¶¶ 44-38.)

On Tuesday, July 24, 2001, Caldwell continued to complain of pain. (Compl. ¶ 52.) Caldwell was taken to the infirmary, examined by a nurse named Renee, who recommended that Caldwell's medication be changed. (Compl. ¶¶ 52-53.) Caldwell was given some Pepto-Bismal and returned to his cell. (Compl. ¶¶ 54-55.) Caldwell continued to complain. (Compl. ¶¶ 56-58.) On Wednesday, July 25, 2001, Caldwell was taken to the infirmary and examined by a doctor, who was in that day. (Compl. ¶¶ 59-61.) The doctor asked why Caldwell had not been taken to the hospital. (Compl. ¶ 62.) CMS employees arranged to have Caldwell transported to an emergency room in Las Cruces. (Compl. ¶ 63.)

Later that day, Caldwell was transferred to St. Joseph's Hospital in Albuquerque due to the seriousness of his condition; a ruptured appendix. (Compl. ¶ 64.) Caldwell remained hospitalized for over one month. (Compl. ¶ 65.) He alleges that he suffered an increased level and duration of pain and suffering due to the intentional denial of necessary medical care. (Compl. ¶ 67.)

**III.    Summary of Pending Arguments**.

CMS has moved for summary judgment on the ground that Caldwell failed to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(a), (hereinafter "PLRA") and NMSA §33-2-11. In support of its motion, CMS has submitted the affidavits of James Lechalk and David Medina, Grievance Officers at SNMCF, stating that there is no record of any grievances filed by Caldwell pertaining to medical care or lack thereof while incarcerated at the facility.

In response to the motion, Caldwell asserts that CMS never raised the defense of failure to exhaust in its answer, CMS has not shown that a grievance procedure was available, and that §

3

1997(a) only applies to § 1983 cases. Caldwell has submitted his affidavit and CMS's responses to discovery requests

In its reply, CMS argues that defense counsel was unaware that Caldwell was still incarcerated at the time that he filed suit, that the Tenth Circuit has not held that failure to exhaust is an affirmative defense, and that NMSA §33-2-11 requires exhaustion of the state law claim. CMS has attached affidavits, deposition testimony, and copies of the grievance procedures to its reply.

### IV.     Plaintiff's Motion to File Surreply

Caldwell has moved to file a surreply on the issue of defense counsel's knowledge of his incarceration at the time suit was filed. Caldwell has attached a copy of the proposed surreply to his motion, along with a copy of a letter between counsel and an affidavit from Plaintiff's counsel. It is undisputed that Caldwell was incarcerated on the date the Complaint was filed and that the PLRA applies. As more fully discussed *infra*, the defense of failure to exhaust administrative remedies may be raised at any time. *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). For this reason, defense counsel's awareness of the applicability of the affirmative defense is irrelevant. Caldwell should be permitted to file his surreply for the record. Accordingly, the motion to file surreply will be granted.

### V.     Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th

Cir. 2000) (*quoting* Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof.  *See Muñoz,* 221 F.3d at 1164.  It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion.  *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003).  The substantive law at issue determines which facts are material in a given case.  *See Anderson v. Liberty Lobby, Inc.*

477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The district court may only consider admissible evidence submitted to defeat summary judgment. *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1203 n.1 (10th Cir. 2000); *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cir. 1995).

**VI.    Analysis.**

The PLRA provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). One of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process, which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation. *Booth v. Churner*, 532 U.S. 731, 737 (2001).

Caldwell does not dispute that he failed to exhaust administrative remedies. However, he contends that CMS waived the defense by failing to assert it the answer. The Tenth Circuit has determined that a defendant need not raise this defense in the answer and may raise it on the eve of trial. *Beaudry*, 331 F.3d at 1167 n.5. CMS raised the defense on May 14, 2003, well before the motions deadline expired and well before the case was set for trial. Caldwell's argument that CMS waived the defense of failure to exhaust administrative remedies under §1997e is inapposite.

The argument with respect to availability of administrative remedies is similarly unavailing. The Supreme Court has broadly stated: "[W]e stress the point . . . that we will not read futility *or other exceptions* into [PLRA's] statutory exhaustion requirement." *Booth,* 532 U.S. at 741 n.6. (emphasis supplied). CMS has submitted evidence that grievance procedures were available to Caldwell. (Def. Exs. F and G.) Caldwell does not dispute that he failed to pursue administrative remedies. Therefore, CMS's motion for summary judgment will be granted as to the §1983 claim because Caldwell failed to exhaust administrative remedies as required by §1997e.

The state law medical negligence claim remains pending. Caldwell correctly points out that §1997e only applies to federal claims. However, the sole basis of federal jurisdiction in this case is 28 U.S.C. § 1331 (federal question). While the federal claim was pending, this court had supplemental federal jurisdiction over the medical negligence claim. *See* 28 U.S.C. § 1367(a). However, upon dismissal of the federal claim, this Court may decline to exercise supplemental jurisdiction over a state law claim. *See* 28 U.S.C. § 1367(c)(3). "[W]hen a district court dismisses the federal claims, leaving only supplemental state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr,* 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). The medical negligence claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See Botefuhr,* 309 F.3d at 1273.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to File Surreply (Doc. 38), filed on August 1, 2003, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on the Basis

of Failure to Exhaust Administrative Remedies (Doc. 32), filed on May 14, 2003, is **GRANTED WITH RESPECT TO THE CLAIMS ARISING UNDER 42 U.S.C. § 1983.**

**IT IS FURTHER ORDERED** that Plaintiff's medical negligence claim is **DISMISSED WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1367 (c)(3).**

                                        *[signature]*
                                        _____
                                        **ROBERT C. BRACK**
                                        **UNITED STATES DISTRICT JUDGE**